THE STATE, JACOB VANDERBECK ET AL., PROSECUTORS, v. CORNELIUS L. BLAUVELT, CLERK OF THE COURT OF COMMON PLEAS OF BERGEN COUNTY.

Prosecutors should not be allowed to defeat, by writ of *certiorari*, the laying of a public road, when it is not shown that any substantial injury has been done, nor that there is, or ever was, any real ground of objection which could have been interposed to the application.

On *certiorari*, to remove and set aside the proceedings had in laying out a public road.

Argued before BEDLE and DALRIMPLE, Justices.

For prosecutors, *J. Fleming* and *C. Parker*.

For defendant, *P. Vredenburgh*.

DALRIMPLE, J. The first objection to the return of the surveyors of the highways is, that the court failed to appoint the time and place when and where the surveyors should meet. It appears by the depositions taken that the application for appointment of surveyors was made to the court on the 7th day of April, 1868, whereupon the court, as appears

State, Vanderbeck et al., pros., v. Blauvelt, Clerk, &c.

by an endorsement on the application, granted the same, and appointed the surveyors, leaving the time and place of meeting blank. After the adjournment of the court, as I understand the case, and before the entry of the order in the minutes, the clerk filled the blank, and thus fixed the day and place of meeting. This was irregular. The statute, (*Nix. Dig.* 822, § 2,*) requires the surveyors to " meet at such time and place as the said *court* shall direct." The court has no more right to delegate to their clerk the authority to fix the time and place of meeting than it has to confer on him the power to select the surveyors or to grant or refuse the application. These are all judicial acts, to be performed by the court, and not by its ministerial officer, who has no power in the premises, except to record the orders of the court in the proper book of minutes.

The prosecutors claim relief on the further ground that the laying out the road was a surprise upon them. They have proved that in May or June, a short time before the meeting of the surveyors, the attorney of the prosecutors searched the records and files of the county clerk's office, and could find no entry in the minutes of the court, nor any paper on file, showing that application had been made to the court for the appointment of surveyors, and further, that the order for the appointment of surveyors was not, in fact, entered in the minutes of the court till about fifteen days prior to the meeting of the surveyors. It is insisted that the prosecutors having had no actual notice of the proceedings, they were misled by the failure of their attorney to find any trace of them on search in the clerk's office, and that for this reason the return should be set aside. Assuming that this court, upon *certiorari*, will grant relief against the return of surveyors in a case of surprise, when no motion has been made in the Common Pleas to set aside the return, and when it appears that all the notices required by the statute have been given, and holding upon this assumption that for this reason, as well as that first stated, the return now brought

* *Rev., p. 992, § 1.*

up ought to be set aside if properly before us, the difficulty which the prosecutors encounter is, that they do not show that they have been in any wise injured by the surprise or irregularity complained of. The allowance of a *certiorari* rests in sound discretion, and the writ may be quashed at any time when it appears to have been improvidently granted. *Matter of Highway, Pen.* 1026; *State* v. *Kingsland,* 3 *Zab.* 85; *State* v. *Everitt,* 3 *Zab.* 378; *State* v. *Bentley,* 3 *Zab.* 534; *State* v. *Woodward,* 4 *Halst.* 21; *Haines* v. *Campion,* 3 *Harr.* 49; *State* v. *Ten Eyck,* 3 *Harr.* 373; *Ludlow* v. *Ex'rs of Ludlow,* 1 *South.* 389; *State* v. *Water Commissioners of Jersey City,* 1 *Vroom* 248.

It does not appear that the prosecutors have any substantial injury to complain of. They were in no worse position because the clerk, instead of the court, filled the blanks left in the memorandum of appointment. Nor does it appear that in case the attorney had discovered, when he made his search in the clerk's office, that the surveyors had been appointed, the prosecutors intended to appear before the surveyors and make opposition to laying the road, nor that they then had, or now have, any well-founded opposition to make. It is not shown that in the assessment of damages to the prosecutors, the surveyors adopted any erroneous principles, or that any injustice has been done in that regard. Though the assessment is but for a nominal amount, and one of the witnesses swears that the land taken for the road is worth $6,000, by the act of March 22d, 1860, (*Nix. Dig.* 836, § 79,) the damages to be assessed are only those which the land-owner will sustain " over and above the advantage " that will accrue to said owner. The fact, therefore, that the land taken was worth $6,000, and the damages awarded but nominal, does not show that any wrong has been done.

It is objected, in the next place, that the road is laid in part over a highway already dedicated to public use. This in no wise affects the prosecutors. The dedicated highway is not over their lands, and they have not made it appear

that the fact that the dedicated highway was covered by or within the bounds of the road laid, in any wise injured them.

The objection that the damages were not assessed to the true owners of the land taken cannot prevail, because an assessment was made to each one of the prosecutors by name, and it appears by the return that there were no sub-stantial damages over and above the advantages. Besides, on examination of the documentary evidence produced, I am not satisfied that the assessment is not, in the particular now under consideration, substantially right. If there is any error it is of the most formal character, and has worked no real harm. In my opinion, the prosecutors should not be allowed to defeat, by means of a *certiorari*, the laying of a public road, when it is neither shown that any substantial wrong has been done, nor that there ever was any real ground of objection which could have been interposed to the application.

Under the circumstances, the writ should be dismissed, with costs.

Writ dismissed.

BEDLE, Justice, concurred.